

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,395-01

**EX PARTE GILBERT DELACRUZ, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 13-CR-3455-H IN THE 347TH DISTRICT COURT
FROM NUECES COUNTY**

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to assault with family violence, enhanced, and was sentenced to twenty-five years' imprisonment.

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal. Trial counsel has submitted an affidavit responding to Applicant's allegations. Counsel states that there was a breakdown in communication, and that as a result of this breakdown, he did not go over the meaning and effect of the judgment, Applicant's right to appeal,

and the necessity of giving notice of appeal with Applicant.

The trial court has determined that counsel failed to timely file a notice of appeal. We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 13-CR-3455-H from the 347th District Court of Nueces County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: July 29, 2015
Do not publish